UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-80693-CV-MIDDLEBROOKS

RICHARD JOHN MCGUIRE,
    Plaintiff,

vs.

J.G. O'NEILL, INC.,
d/b/a DELRAY HYUNDAI,
a Florida Corporation

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, J.G. O'NEILL, INC. d/b/a DELRAY HYUNDAI (hereinafter "Defendant"), by and through its undersigned counsel and hereby moves this Court pursuant to 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Complaint with prejudice and in support thereof states as follows:

### Background

1. Plaintiff's counsel filed a single count Complaint on behalf of Richard John McGuire (hereinafter "McGuire" or "Plaintiff") asserting a violation of the Federal Consumer Leasing Act.

2. Central to Plaintiff's claim are two alleged transactions. The first transaction occurred on May 30, 2019, when Plaintiff entered into the "HYUNDAI FINANCE Florida Motor Vehicle Lease Agreement" (hereinafter "Hyundai Lease Agreement") with Defendant (hereinafter, "Initial Lease Transaction"). Plaintiff attaches as Exhibit A to the Complaint only part of the

Hyundai Lease Agreement.[1]  As set forth on the Hyundai Lease Agreement, after Plaintiff signed this Lease, Defendant assigned it "to Hyundai Lease Titling Trust ("HLTT") and the terms "Assignee", "we", "us" and "our" will refer to HLTT and its agents or to any subsequent assignee".

3.	The Complaint references the "Purchase Option at End of Lease Terms" in paragraph 9 of the Hyundai Lease Agreement which indicated that Plaintiff had an option to purchase the vehicle at the scheduled end of the Lease Term.  The Complaint alleges that "In January of 2019, the Defendant leased a new 2019 Audi Q5 ("Vehicle") to Plaintiffs." Complaint ¶16.  The Hyundai Lease Agreement indicates that the Defendant leased a new 2019 Hyundai Santa Fe to Plaintiff (not Plaintiff**s**).  The Complaint incorrectly references "Plaintiff**s**" throughout the Complaint.  The purchase option provision in the Hyundai Lease Agreement, paragraph 9, refers to "Section 23 on the back of this Lease for additional terms and conditions", however, Plaintiff's counsel failed to attach this section of the Hyundai Lease Agreement.

4.	The second transaction which is central to Plaintiff's claim and which Plaintiff asserts is the transaction that violated the Federal Consumer Leasing Act, occurred "in May of 2022" (see Complaint ¶22).  Plaintiff alleges that "Plaintiff visited Dealer to exercise the purchase option" (hereinafter the "Purchase Option Transaction").  Plaintiff does not attach any Purchase Option Transaction documents.

5.	Plaintiff alleges that "Defendant's failure to honor the Purchase Option Price in the Lease was the *cause* of Plaintiff's harm". Complaint ¶26 (italics provided).

6.	The record before this Court establishes that Defendant sold the Hyundai dealership and submitted its Voluntary Relinquishment of License to the Department of Highway Safety &

---

[1] Undersigned counsel requested via email to Plaintiff's counsel a complete copy of the Hyundai Lease Agreement, however, as of the filing of this motion, undersigned counsel has not received a response from Plaintiff's counsel.  As set forth *infra*, Defendant no longer owns the Hyundai dealership, and does not have access to dealership records.

Motor Vehicles prior to the Purchase Option Transaction in May of 2022 and therefore as a matter of law could not have "caused" Plaintiff's harm by failing to "honor the Purchase Option Price" in the Lease in May of 2022.

7. Defendant has attached Exhibit 1 and Exhibit 2 in support of its Motion to Dismiss to which there can be no challenge to authenticity and cannot be reasonably disputed, and therefore as public records may be considered by the Court when reviewing the Motion to Dismiss.

## Legal Standards

8. A Motion to Dismiss under Rule 12(b)(6) challenges legal sufficiency of the allegations in the Complaint. See Federal Rule of Civil Procedure 12(b)(6). In assessing legal sufficiency, a court is bound to apply the pleading standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must…contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *AM. Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Corp. Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

9. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross and Blue Shields of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; see also *Sinaltrainal v. Coca Cola Company*, 578 F.3d

1252, 1260 (11th Cir. 2009).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id*.

10. Defendant has attached Exhibits 1 and 2 to this Motion to Dismiss which Defendant requests that the Court consider when ruling on the Motion to Dismiss.  In considering motions to dismiss, the court may take judicial notice and consider documents which are public records, which are attached to the motion to dismiss without converting the motion to dismiss into a motion for summary judgment.  This is based on the fact that such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can]not reasonably be questioned.'" *Horne v. Potter*, 392 F. Appx. 800, 802 (11th Cir. 2002) (quoting Federal Rule of Evidence 201(b)).

11. Pursuant to Florida Statute §119.011(12), "public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.  Exhibits 1 and 2 filed in support of Defendant's Motion to Dismiss fall within the definition of "public records".

12. Besides the complaint allegations, a court may consider a judicially noticed fact if there is no challenge to authenticity and a document is central to a claim by the plaintiff.  *Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015).  A court may judicially notice a fact "at any stage of a case and on its own" if the fact "cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)–(d).

13. Judicial notice of records of state agencies and state courts generally is appropriate. See *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F. 3d 649651-652 (11th Cir. 2020). (observing that judicial notice about a state case from the state court's database generally is appropriate); *Dimanche v. Brown*, 783 F.3d 1204, 1213 & n.1 (11th Cir. 2015) (judicially noticing facts in a state agency's statistical report); *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (permitting judicial notice of state court documents to decide a Rule 12(b)(6) motion); *Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (considering a state agency report submitted with a response opposing a motion to dismiss); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n. 4 (5th Cir. June 1981) (en banc) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.").

## **Argument**

*Defendant should be Dismissed Because it was not a Dealer in May 2022, or Involved in the Purchase Option Transaction*

14. Plaintiff clearly alleges in Complaint ¶26 that "Defendant's failure to honor the Purchase Option Price in the Lease was the cause of Plaintiff's harm." Defendant sold the Delray Hyundai dealership and closed on the asset purchase transaction on January 24, 2022, four months prior to the alleged Purchase Option Transaction.

15. Exhibit 1 attached to Defendant's Motion to Dismiss is a public record from the Florida Department of Highway Safety & Motor Vehicles ("Department"), specifically referred to as the "Florida Motor Vehicle, Mobile Home and Recreational Vehicle Dealers' Handbook". It is found on the Department's public website. In Exhibit 1, the Department addresses the Department form referred to as the Voluntary Relinquishment of License form and identifies requirements for the "Buy/Sell of Dealerships". Exhibit 1 states, in part:

> If the relinquishment of the selling dealer's license is the result of a buy-sell agreement, a buy-sell affidavit completed by the buying dealer, the Voluntary Relinquishment of License Template (VRL) completed by the selling dealer and the original license of the selling dealer is required to be submitted by the buying dealer to the Field Office responsible for the dealership.
>
> …
>
> The Voluntary Relinquishment of a License form, buy-sell affidavit, selling dealer's original license and Inventory Record are reviewed for accuracy by the Field Office.

16. Exhibit 2 attached to Defendant's Motion to Dismiss are public records received from the Department providing the following:

   a. Request from J.G. O'Neill, Inc. by James G. O'Neill, including his driver's license, to the Department, Division of Motorists Services/Bureau of Dealer Services requesting "proof" of Dealer License Voluntary Termination for Dealer License number VF-10018611.

   b. Emails dated June 7, 2023, between Diana Calderone on behalf of J.G. O'Neill, Inc., and Chevonne Dames from the Florida Department of Highway Safety & Motor Vehicles submitting J.G. O'Neill, Inc.'s document request to the Department and Department's response producing the requested documents.

   c. Eight pages of documents produced by the Department to J.G. O'Neill, Inc., including the Department's records of the receipt of the Voluntary Relinquishment of License for J.G. O'Neill, Inc. and its Acura and Hyundai license, specifically license number VF-1001861-1.

17. As evidenced by the record before this Court, Defendant, J.G. O'Neill, Inc., had voluntarily relinquished its dealer license on January 21, 2022, and therefore was not a licensed automobile dealer, nor the operator of the Delray Hyundai dealership in May of 2022.

*The Complaint Should Be Dismissed for Failure to Plead Sufficient Facts Regarding the Purchase Option Transaction.*

18. Plaintiff's Complaint alleges two distinct transactions as more specifically

referenced above. Plaintiff has failed to plead sufficient facts regarding both the Initial Lease Transaction and the Purchase Option Transaction.

19.     Regarding the Initial Lease Transaction allegations, although Plaintiff has attached part of the Hyundai Lease Agreement, based on the terms of the Hyundai Lease Agreement itself, other provisions, such as Section 23 expressly reference additional terms and conditions which have not been attached. Plaintiff must either incorporate these express relevant "additional terms and conditions" in the Complaint or alternatively attach the entire Hyundai Lease Agreement to the Complaint.

20.     Regarding the Purchase Option Transaction, Plaintiff makes conclusory statements which are not supported by factual allegations. The Purchase Option Transaction allegations do not expressly state whether Plaintiff actually concluded the Purchase Option Transaction and bought the vehicle. Plaintiff uses phrases such as "Defendant required Plaintiff to pay a total of $18,216.00 as the cash price to buyout the Vehicle" (Complaint ¶23), "The payment of $395.50 above and beyond the Purchase Option Price, as well as the $899.00 'DOCUMENTATION FEE' and the $99.25 'ELECTRONIC FILING FEE' were not official fees" (Complaint ¶24), "Defendant never disclosed payment of an additional $395.50 above and beyond the Purchase Option Price, as well as the $899.00 'DOCUMENTATION FEE' and the $99.25 'ELECTRONIC FILING FEE' in the Lease as part of the Purchase Option Price" (Complaint ¶25), and "Plaintiff was left with no choice but to pay the additional fees that are contrary to the amount stated in purchase price in the Lease" (Complaint ¶26). These statements, such as "required Plaintiffs to pay", "never disclosed the payment of" and "Plaintiff was left with no choice but to pay" in conjunction with Plaintiff's failure to attach any Purchase Option Transaction documents leaves Defendant guessing, did Plaintiff pay Defendant and complete a purchase transaction for the vehicle? Plaintiff's allegations

do not contain sufficient factual matter to state a claim for relief under the Consumer Leasing Act and accordingly, the Court should dismiss the Complaint.

WHEREFORE, Defendant requests that the Court dismiss Defendant with prejudice on the basis that Defendant was not in the dealership business, nor operating the dealership in May 2022, at the time of the Purchase Option Transaction, which Plaintiff asserts was the "cause of Plaintiff's harm" and alternatively, if the Court does not dismiss Defendant with prejudice, Defendant requests that the Court enter an Order granting Defendant's Motion to Dismiss on the basis that Plaintiff has failed to state a claim upon which relief can be granted as more specifically set forth above.

Respectfully submitted,

/s/ A. Edward Quinton, III
A. Edward Quinton, III, Esquire
Florida Bar No. 464074
QUINTON & PARETTI, P.A.
1 SE 3rd Avenue, Suite 1405
Miami, Florida 33131
PH: (305) 358-2727
FAX: (305) 358-0779
E-MAIL: equinton@quintonparetti.com
lpena@quintonparetti.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's ECF Filing System upon Joshua E. Feygin, Esquire this 9th day of June 2023.

/s/ A. Edward Quinton, III
A. Edward Quinton, III, Esquire