UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:23-cv-80693

RICHARD JOHN MCGUIRE,

Plaintiff,

v.

J. G. O'NEILL, INC.,
d/b/a DELRAY HYUNDAI,

Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff alleges Defendant violated the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 CFR § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Palm Beach County, Florida.

4. Defendant was at all relevant times, doing business in Palm Beach County, Florida.

### FACTUAL ALLEGATIONS

5. In May 2019, Defendant leased a new Hyundai Santa Fe to Plaintiff.

6. The vehicle was leased under a Florida Motor Vehicle Lease Agreement that Defendant prepared. A copy of the Lease is attached as Exhibit "A."

7. In the lease, Defendant provided Plaintiff with the option to buy the vehicle at the end of the lease term:

> You have an option to purchase the Vehicle at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on line 7D above plus a Purchase Option Fee of $899.00. You are also responsible for any official fees, such as those for taxes, tags, license and registration.

Ex. A ¶ 9.

8. The total purchase option price was $17,820.50.

9. Defendant disclosed no other fees or charges associated with the purchase option price.

10. Plaintiff reasonably relied on the purchase option price when he agreed to lease the vehicle.

11. In May 2022, Plaintiff visited Defendant's dealership to exercise the purchase option.

12. Yet to Plaintiff's surprise, Defendant required Plaintiff to pay a cash price of $18,216 to buyout the vehicle, as well as a $899.00 "DOCUMENTATION FEE" and a $99.25 "ELECTRONIC FILING FEE."

13. These fees were not official fees but profit to Defendant.

14. In the lease, Defendant never disclosed that payment of an additional $395.50 over the purchase option price, as well as the $899.00 "DOCUMENTATION FEE" and the $99.25 "ELECTRONIC FILING FEE" were required to exercise the purchase option for the vehicle.

15. Defendant's failure to accurately and completely disclose the purchase option

price in the lease caused Plaintiff to pay more than what was disclosed in the lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF
## THE CONSUMER LEASING ACT 15 U.S.C. § 1667a

16. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

17. Plaintiff is a natural person who leased the vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

18. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

19. Defendant was identified as a lessor on the lease.

20. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

21. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

22. Defendant drafted the disclosures in the lease.

23. Upon information and belief, Defendant financially gains on the assignment of the lease to third-party entities like Hyundai.

24. Upon information and belief, Defendant also financially gains on the resale of the vehicle at the end of the Lease term.

25. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and Regulation M.

26. The disclosure of the purchase option price in the lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

27. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $395.50 over the purchase option price, as well as the $899.00 "DOCUMENTATION FEE" and the $99.25 "ELECTRONIC FILING FEE" were required to exercise the purchase option in the lease.

28. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $1,393.75 more than the Purchase Option Price was required to exercise the purchase option at the end of the lease.

29. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

30. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

31. Plaintiff suffered financial loss in that Plaintiff paid more than what was disclosed in the lease to buy the vehicle, including an inflated amount assessed for taxes on the transaction.

32. Had Defendant provided an accurate, complete, and clear purchase option price in the lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the vehicle.

33. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

34. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

    A.    Actual and Statutory Damages as provided by law;

    C.    Pre-judgment and post-judgment interest, as allowed by law;

    D.    Reasonable attorneys' fees and costs;

E. Injunctive relief and declaratory;

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946
*Counsel for Plaintiff*

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@JFeyginesq.com
JOSHUA FEYGIN, PLLC
1930 Harrison St
208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2023, I electronically filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Darren R. Newhart
Darren R. Newhart, Esq.

**SERVICE LIST**

All counsel of record.