# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case No: 23-80693-CV-MIDDLEBROOKS

| | |
|---|---|
| RICHARD JOHN MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| J.G. O'NEILL, INC., d/b/a DELRAY | ) |
| HYUNDAI, a Florida Corporation, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

1

## INTRODUCTION

If a lease allows a consumer to buy the car when the lease ends, then the Consumer Leasing Act and its implementing regulations ("Regulation M") (collectively "CLA") require the "lessor"—before the lease is consummated—to accurately and completely disclose the purchase option price, including any fees, that must be paid to buy the car. In this case, J.G. O'Neill, Inc. d/b/a Delray Hyundai leased a new car to Mr. McGuire. Delray Hyundai negotiated and prepared the lease, which included the option to buy the car, but excluded from the lease several thousand dollars in overcharges Mr. McGuire was eventually required to pay to buy the car. As a result, Mr. McGuire was forced to spend money to buy the car at a price higher than what the lease disclosed.

Mr. McGuire has sued Delray Hyundai for not accurately and completely disclosing—at the lease's inception—the "purchase option price," including all fees required to be paid to exercise the purchase option when the lease ended. 15 U.S.C. § 1667a; 12 CFR § 1013.3(a) *c.f.* Official Interpretations § 1013.4(i)-3.[1] Delray Hyundai has moved to dismiss this claim.

In the motion, Delray Hyundai argues that it's not liable under the CLA because the dealership's license was allegedly relinquished before the buyout occurred. In support, Delray Hyundai attaches unauthenticated documents, which are outside the amended complaint, and asks the Court to take judicial notice, calling them "public records." The Court should deny the entire motion.

## BACKGROUND

In May 2019, Mr. McGuire visited Delray Hyundai's dealership to lease a new car. Doc. 22-1. Under the CLA, Delray Hyundai had to give federally mandated disclosures to Mr. McGuire

---

[1] The failure to provide accurate and complete disclosures gives consumers a cause of action for any actual damage sustained by such person as a result of the failure plus 25% of the total periodic lease payments, with a minimum of $200 and a maximum of $2,000 and attorney's fees and costs. 15 U.S.C. § 1640(a)(1).

2

before the lease was consummated. Reg. M § 1013.3(a)(3). That day, Delray Hyundai drafted the lease, including the federally mandated disclosures, and the parties executed it. *Id*. ¶¶ 6, 22.

In the lease, Delray Hyundai was named as a "lessor." Doc. 22 ¶ 19; Doc. 22-1. Delray Hyundai also supplied Mr. McGuire with the option to buy the car when the lease ended. In deciding to lease the car, Mr. McGuire relied on Delray Hyundai's disclosures about the purchase option price. *Id*. ¶ 10. The purchase option provided:

> You have an option to purchase the Vehicle at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on line 7D above plus a Purchase Option Fee of $899.00. You are also responsible for any official fees, such as those for taxes, tags, license and registration.

Doc. 22-1 ¶ 9.

The residual value of the car was $17,820.50. *Id*. ¶ 7. No other fees or charges accompanied the purchase option price with exception of the $899.00 "Purchase Option Fee." Under a preexisting business relationship, Delray Hyundai assigned the lease to Hyundai Lease Titling Trust. Doc. 22-1 pg. 1.

Towards the end of the lease, Mr. McGuire visited Delray Hyundai to buy the car under the purchase option in the lease. Once there, Delray Hyundai's salesperson negotiated and prepared a retail purchase agreement for the buyout of the vehicle. *Id*. ¶ 18.

To his surprise, Delray Hyundai required Mr. McGuire to pay a cash price of $18,216, which is $395.50 more than the purchase option price in the lease, and a $899 "DOCUMENTATION FEE." Doc. 22 ¶ 12. These are not official fees such as those for tax, tag, or registration. *Id*. ¶ 13. The increased cash price and "DOCUMENTATION FEE" were not disclosed in the lease. Because Delray Hyundai failed to accurately and completely disclose the purchase option price in the lease, which caused Mr. McGuire to pay more than what was

disclosed, he has sued Delray Hyundai for violating the CLA's disclosure requirements. Doc. 22 ¶¶ 15-34.

Delray Hyundai has moved to dismiss. Doc. 25.

## **MEMORANDUM OF LAW**

### I. The Consumer Leasing Act

Congress passed the CLA "as an amendment to the Truth in Lending Act…." *Cox v. Porsche Fin. Services, Inc.*, 342 F. Supp. 3d 1271, 1281 (S.D. Fla. 2018) *citing* 15 U.S.C. § 1601 *et seq*. ("TILA"). Its purpose is to "assure a meaningful disclosure" of lease terms so borrowers can "compare more readily the various lease terms available[,] … enable comparison of lease terms with credit terms where appropriate, and to assure meaningful and accurate disclosures of lease terms in advertisements." *Cox*, 342 F. Supp. 3d at 1281 *citing* 15 U.S.C. § 1601(b).

The CLA is a strict liability remedial statute designed to protect borrowers. *Cox*, 342 F. Supp. 3d at 1281. Courts must construe its provisions liberally in favor of borrowers. *Id*. Full compliance with the CLA is required because "[e]ven minor violations of the Act cannot be ignored." *Cox*, 342 F. Supp. 3d at 1281 *quoting Clement v. Am. Honda Fin. Corp.*, 145 F. Supp. 2d 206, 210 (D. Conn. 2001). Thus, district courts need only find "a single violation of the statutory requirements to hold [a] defendant liable…." *Cox*, 342 F. Supp. 3d at 1281.

Under the CLA, a "lessor" must "provide, before consummation of the lease, a dated, written statement that accurately and in a 'clear and conspicuous manner' sets out certain descriptions, amounts, and other disclosures." *Cox v. Porsche Fin. Services, Inc.*, 342 F. Supp. 3d 1271, 1281 (S.D. Fla. 2018) *quoting* 15 U.S.C. § 1667a(2). If a lessor ignores the disclosure requirements under CLA, then a lessee has a cause of action for actual and statutory damages. *See* 15 U.S.C. § 1667d(a); § 1640(a).

A "lessor" is any person who "arranges for the lease of personal property under a consumer lease" or "who has leased, offered, or arranged to lease personal property more than five times in the preceding calendar year or more than five times in the current calendar year…."12 CFR § 1013.2(h). A car dealer that prepares paperwork before forwarding the documents to a leasing company for execution falls under that definition. Official Interpretations § 1013.2(h)-1 ("An entity that, pursuant to a business relationship, completes the necessary lease agreement before forwarding it for execution to the leasing company (to whom the obligation is payable on its face) is "arranging" for the lease.")

**II.   The Court should deny the entire motion to dismiss.**

Delray Hyundai moves to dismiss by arguing that it was not involved in the buyout transaction with Mr. McGuire. Therefore, it never violated the CLA. The argument fails for two reasons: (1) Delray Hyundai misunderstands the duties and liabilities under the CLA; and (2) Delray's position hinges on factual disputes that cannot be decided on a motion to dismiss. Thus, the motion should be denied.

   **a. Mr. McGuire has stated a claim against Delray Hyundai for violating the CLA's disclosure requirements.**

Mr. McGuire sued Delray Hyundai for providing an inaccurate and incomplete purchase option price *before* the lease was consummated. "[A]ny purchase option fees the lessor assesses must be included in the purchase option disclosure." Official Interpretations § 1013.4(i)-3. The fees can either be separately itemized in the purchase option disclosure or included as part of the purchase option price. *Id*. Here, Delray Hyundai failed to accurately and completely disclose the purchase option price in the lease and that failure caused Mr. McGuire to pay more than what was disclosed.

Delray Hyundai doesn't dispute that Mr. McGuire has adequately stated a claim under the

5

CLA. Instead, Delray Hyundai argues that a third-party is responsible for charging the higher price and fees, and therefore, the dealership cannot be liable under the CLA.

Even if this were true, which directly contradicts the allegations in the amended complaint, Delray Hyundai—and only Delray Hyundai—had the duty to provide the disclosures *before* the lease was consummated. Under the CLA, a lessor must give the required disclosures to the consumer "prior to the consummation of a consumer lease." 12 CFR § 1013.3(a)(3). Delray's comprehension of the CLA's disclosure requirements is underscored by the fact that it indeed supplied disclosures before the lease was consummated. Thus, Delray Hyundai is liable for the failure to disclose the purchase option price accurately and completely—not some other entity.

The argument also misunderstands CLA liability when multiple lessors take part in a lease transaction. When a transaction has multiple lessors, "the disclosures required by [the CLA] may be made by one lessor on behalf of all the lessors." 12 CFR 1013.3(c). Here, Delray Hyundai negotiated, prepared, and supplied the disclosures to Mr. McGuire before the lease was consummated. It follows that Delray Hyundai made the CLA disclosures on behalf of all the lessors. Thus, Delray Hyundai is liable for the failure to disclose—at inception and in an accurate and complete manner—the "purchase option price," including all charges required to be paid to exercise the option. 15 U.S.C. § 1667a; 12 CFR § 1013.3(a) *c.f.* Official Interpretations § 1013.4(i)-3.

While Delray Hyundai says it ceased doing business under that fictitious name, it's questionable whether that's true. On State of Florida's Division of Corporation "Sunbiz" portal, the "Delray Hyundai" fictitious name is still active for J.G. O'Neill, Inc. Exhibit A. Resolving such factual disputes are not the proper subject of a motion to dismiss.

At any rate, Mr. McGuire alleges that J.G. O'Neill, Inc. d/b/a Delray Hyundai was the

6

entity that charged Mr. McGuire a purchase price higher than what was disclosed in the lease. So, taking the Plaintiff's well-plead allegations true, Delray Hyundai can't be dismissed from this lawsuit.

### b. The Court should deny the motion because judicial notice is inappropriate.

On a motion to dismiss, a district court's review is generally "limited to the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). That said, district courts may look beyond the complaint if the extraneous evidence is: (1) "central to the plaintiff's claim, and ... its authenticity is not challenged," *SFM Holdings, Ltd. v. Banc of Am. Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015)); (2) the "documents [are] incorporated into the complaint by reference,"[2] *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); or (3) if they are "matters of which a court may take judicial notice," *id.*

Delray Hyundai's entire argument hinges on whether the Court judicially notices the following documents: (1) an excerpt from Florida Motor Vehicle, Mobile Home and Recreational Vehicle Dealers' Handbook (Doc. 25-1); (2) an unauthenticated email exchange between unidentified individuals, including attachments (Doc. 25-2); and (3) an application for a fictitious name and articles of incorporation for ABC JS Auto Imports II, LLC (Doc. 25-3).

Delray Hyundai alleges these documents are "public records" and are thus matters of which the Court may take judicial notice. But as explained below, the authenticity of the documents is disputable because they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Even if the Court could judicially notice these documents, district courts cannot notice the veracity of the contents or draw impermissible

---

[2] Delray Hyundai does not argue that the documents were referenced or incorporated into the amended complaint.

inferences from them.

But first, the Court should not consider the documents because they are not central to the CLA claim. Under the CLA, a "lessor" must give the required disclosures to the consumer "prior to the consummation of a consumer lease." 12 CFR § 1013.3(a)(3). Here, that's Delray Hyundai.

Delray Hyundai does not dispute that the dealership was a "lessor" in the transaction with Mr. McGuire. The amended complaint further shows Delray Hyundai was the "lessor" that failed to provide accurate and complete disclosures *before* the lease was consummated and not some other entity years later. As a result of that failure, Mr. McGuire agreed to lease a car he otherwise would not have and was forced to spend money to buy the car at a price higher than what was disclosed. The dealership who charged the higher purchase price and undisclosed fees years later, which Mr. McGuire alleges was also Delray Hyundai, is only tangentially related to Mr. McGuire's damages.

Moving on, courts can judicially notice public records because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (quoting Fed. R. Evid. 201(b)(2)). But the email exchange doesn't meet that standard. The email exchange is unauthenticated. *See* Fed. R. Evid. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.") Therefore there is no proof the emails and attachments were submitted to, prepared by, or issued from a state agency. *C.f. Patagonia, Inc. v. Worn Out, LLC*, 22-CV-23858, 2023 WL 3172530, at *5 (S.D. Fla. May 1, 2023) (taking judicial notice because the documents were "submitted to or issued by" a public agency). Nor is there evidence showing the documents were made part of a public record or easily accessible on,

for example, a state agency's public website. *Id*.

The excerpt and application for fictitious name and articles of incorporation also fail the above standard. Even if the Court judicially noticed the excerpt and application for fictitious name and articles of incorporation, the Court can only take judicial notice "to establish what those documents contain, not the veracity of their contents." *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016). District courts should not take judicial notice of documents and then draw inferences from them on disputed factual issues in a defendant's favor, which is exactly what Delray Hyundai has asked the Court to do here. *Hurry Fam. Revocable Tr. v. Frankel*, 8:18-CV-2869-CEH-CPT, 2023 WL 23805, at *4 (M.D. Fla. Jan. 3, 2023); *Mogensen v. Body Cent. Corp.*, 3:12-CV-954-J-20JRK, 2013 WL 8290493, at *4 (M.D. Fla. Sept. 19, 2013).

From these extraneous documents, Delray Hyundai has asked the Court to infer that it wasn't a dealer in 2022 and not involved in the lease buyout transaction with Mr. McGuire. These inferences conflict with the amended complaint's allegations that Delray Hyundai carried out the buyout with Mr. McGuire. As a result, the Court should not judicially notice those facts.

Additionally, whether a dealer's license was relinquished, and whether a company does business under a fictitious name are not facts generally known in this jurisdiction. *C.f. Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (citing facts courts generally take judicial notice of: (1) scientific facts: when does the sun rise or set; (2) matters of geography: for instance). And, as explained above, the facts cannot be accurately and readily determined from an indisputable source. *C.f. Dimanche v. Brown*, 783 F.3d 1204, 1213 (11th Cir. 2015) (taking judicial notice of "facts because they can be accurately and readily determined from public reports *prepared* by the Florida Department of Corrections, the accuracy of which cannot reasonably be questioned.") So on their own, the facts should not be judicially noticed.

In sum, the Court should decline to take judicial notice of the extraneous documents and facts at this stage of the litigation. And as a result, the Court should deny the motion to dismiss.

## CONCLUSION

Mr. McGuire asks the Court to deny the entire motion to dismiss and grant any further relief the Court deems necessary.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 27, 2023, I electronically filed the above document with the Clerk of Court. I also certify that the above document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who cannot receive electronically Notices of Filing.

/s/ Darren R. Newhart
Darren R. Newhart, Esq.

## SERVICE LIST

All counsel of record.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
**NEWHART LEGAL, P.A.**
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

/s/ Sarah Cibula Feller
Sarah Cibula Feller, Esq.
FL Bar No: 107809
E-mail: sarah@newhartlegal.com

**NEWHART LEGAL, P.A.**
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357