UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-80693-CV-MIDDLEBROOKS

RICHARD JOHN MCGUIRE,
    Plaintiff,

vs.

J.G. O'NEILL, INC.,
d/b/a DELRAY HYUNDAI,
a Florida Corporation

    Defendant.
_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

COMES NOW the Defendant, J.G. O'NEILL, INC. d/b/a DELRAY HYUNDAI ("Defendant"), by and through its undersigned counsel and hereby files its Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial pursuant to Federal Rule of Civil Procedure 15(a)(2), with Plaintiff's written consent, and states as follows:

### Answer

1. Defendant denies the allegations in paragraph 1 of the Amended Complaint. All references to paragraphs in this Amended Answer refer to paragraphs in the Amended Complaint, unless stated otherwise.

2. In response to paragraph 2, Defendant is without knowledge as to where Plaintiff resides and otherwise denies the allegations in paragraph 2.

3. Defendant is without knowledge as to the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4 and states that Defendant was not a licensed motor vehicle dealer at all relevant times and did not own and operate a dealership at all relevant times.

5. In response to paragraph 5, Defendant admits that it executed, along with Plaintiff, the Hyundai Finance-Florida Motor Vehicle Lease (hereinafter, "Lease Agreement"). Exhibit A attached to the Amended Complaint is an incomplete copy, and Defendant otherwise denies the allegations in paragraph 5.

6. In response to paragraph 6, Defendant denies that a complete copy of the Florida Motor Vehicle Lease Agreement is attached to the Amended Complaint as Exhibit A and otherwise denies the allegations in paragraph 6.

7. In response to paragraph 7, Defendant states that the complete Exhibit A speaks for itself, and paragraph 9 of Exhibit A is not correctly quoted in paragraph 7 and Defendant otherwise denies the allegations in paragraph 7.

8. In response to paragraph 8, Defendant states that the complete Exhibit A speaks for itself as to the purchase option price. Exhibit A does not include "additional terms and conditions" referenced in paragraph 9 of Exhibit A and therefore, Defendant denies the allegations in paragraph 8.

9. In response to paragraph 9, Defendant states that the complete Exhibit A speaks for itself as to whether other fees and charges associated with the purchase option price were disclosed and otherwise, denies all other allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11 and paragraph 12. Defendant did not own or operate a dealership in May 2022 and did not have a Florida dealer license in May 2022.

12. Defendant denies the allegations in paragraph 13.

13. In response to paragraph 14, Defendant states that the complete Exhibit A speaks for itself as to what was disclosed and otherwise, denies all other allegations in paragraph 14.

14. Defendant denies the allegations in paragraph 15.

15. Defendant denies the allegations in paragraph 16.

16. Defendant is without knowledge as to the allegations in paragraph 17.

17. Defendant denies the allegations in paragraph 18.

18. In response to paragraph 19, Defendant admits that Exhibit A states "LESSOR" above the "Dealer" name "Delray Hyundai" and otherwise denies the allegations in paragraph 19.

19. Defendant denies the allegations in paragraph 20, paragraph 21, and paragraph 22.

20. Defendant denies the allegations in paragraph 23 and paragraph 24.

21. In response to paragraph 25 and paragraph 26, Defendant states that paragraph 25 and paragraph 26 call for a legal conclusion and therefore, Defendant is not required to admit or deny, however to the extent a response is required, Defendant denies the allegations in paragraph 25 and paragraph 26.

22. Defendant denies the allegations in paragraph 27, paragraph 28, and paragraph 29.

23. Defendant denies the allegations in paragraph 30 including that there were any "omissions" by Defendant.

24. In response to paragraph 31, Defendant is without knowledge as to what Plaintiff paid to buy the vehicle and otherwise, Defendant denies the allegations in paragraph 31.

25. Defendant denies the allegations in paragraph 32.

26. Defendant denies the allegations in paragraph 33, including denial that Defendant's conduct was in any way "illegal".

27. Defendant denies the allegations in paragraph 34.

28.     Defendant denies the allegations in Plaintiff's "Wherefore" clause, including denying that Plaintiff is entitled to any relief or judgment against Defendant.

29.     Defendant denies all allegations in the Amended Complaint not herein admitted and demands strict proof of such allegations, and Defendant further denies that Defendant has violated any of the laws cited by Plaintiff.

## Affirmative Defenses

1.      As a first affirmative defense, Defendant states that Plaintiff's claims regarding the Electronic Registration Filing Fee are barred pursuant to Florida Statutes §501.212(1) and Florida Statutes §320.03(10)(d).

2.      As a second affirmative defense, Defendant states that Plaintiff is barred from recovery pursuant to the doctrine of estoppel. At the time of entering into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term", in reliance on Plaintiff's agreement to such purchase option terms, and that if Plaintiff subsequently chose to invoke such option that Plaintiff would invoke the purchase option pursuant to the terms disclosed in the Lease. Thereafter, Defendant sold the assets of the Delray Hyundai dealership, terminated its Hyundai franchise agreement, and relinquished its Florida dealer license, and was no longer a dealer and did not operate any dealerships (hereinafter all referred to as "Concluded its Dealership Business"). Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business) Plaintiff sought to exercise the purchase option. Plaintiff then willfully and contrary to the terms of the purchase option, agreed to pay a third party an amount above the purchase option amount. Defendant detrimentally relied on Plaintiff's agreement to the purchase option terms in May 2019, and that if Plaintiff subsequently invoked such purchase option, that Plaintiff would invoke such option pursuant to the terms disclosed by

Defendant. Accordingly, Plaintiff is now estopped from claiming that Defendant's purchase option disclosure was inaccurate or incomplete due to Plaintiff's own actions.

3. As a third affirmative defense, Defendant states that Plaintiff has waived his rights to assert his claims and damage demands. At the time of entering into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term". Plaintiff agreed to and had knowledge of purchase option terms and rights therein. Plaintiff subsequently chose to invoke such option. Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business), Plaintiff sought to exercise the purchase option. However, rather than purchasing the subject vehicle for the purchase option price, Plaintiff intentionally relinquished such rights and agreed to pay a third party an amount above the purchase option amount. Accordingly, Plaintiff waived his right to purchase the subject vehicle for the purchase option amount and due to Plaintiff's own action, waived his claim that Defendant's purchase option disclosure was inaccurate or incomplete.

4. As a fourth affirmative defense, Defendant states that Plaintiff is barred from recovery pursuant to the doctrine of avoidable consequences. At the time Plaintiff entered into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term". Plaintiff agreed to and had knowledge of the purchase option terms and rights therein. Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business), Plaintiff sought to exercise the purchase option. Rather than purchasing the subject vehicle for the purchase option price, Plaintiff went to a third party and agreed to pay the third party an amount above the purchase option amount. Plaintiff could have reasonably avoided paying an amount over the purchase option price by selecting other parties to purchase the subject

vehicle from for the purchase option price or taking action, including against the Assignee, Hyundai Lease Titling Trust ("HLTT"), to enforce the purchase option price terms.

5. As a fifth affirmative defense, Defendant states that Plaintiff is barred from recovery pursuant to his failure to mitigate his damages. At the time Plaintiff entered into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term". Plaintiff agreed to and had knowledge of the purchase option terms and rights therein. Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business), Plaintiff sought to exercise the purchase option. Rather than purchasing the subject vehicle for the purchase option price, Plaintiff went to a third party and agreed to pay the third party an amount above the purchase option amount. Through the exercise of reasonable care and diligence, Plaintiff could have prevented the damages that Plaintiff seeks in this case, including selecting other parties to purchase the subject vehicle from for the purchase option price or taking action, including against HLTT, to enforce the purchase option price terms.

6. As a sixth affirmative defense, Defendant states that Plaintiff is barred from recovery because there is lack of causation and/or failure to establish proximate cause between the actions of Defendant and Plaintiff's claimed damages. At the time Plaintiff entered into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term". Plaintiff agreed to and had knowledge of the purchase option terms and rights therein. Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business), Plaintiff sought to exercise the purchase option. Rather than purchasing the subject vehicle for the purchase option price, Plaintiff went to a third party and agreed to pay the third party an amount above the purchase option amount. Plaintiff and/or this third party were the sole cause of the damages claimed by Plaintiff, thus Plaintiff is barred from recovery.

7. As a seventh affirmative defense, Defendant states that Plaintiff is barred from recovery because there is a superseding cause regarding Plaintiff's claimed damages. At the time Plaintiff entered into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term". Plaintiff alleges that Plaintiff reasonably relied on the purchase option price when he agreed to lease the subject vehicle and Plaintiff agreed to the purchase option terms and rights therein. Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business), Plaintiff sought to exercise the purchase option. It was unforeseeable that after relying on the purchase option price and agreeing to the purchase option terms and rights therein that Plaintiff would subsequently agree to pay a third party more than the purchase option price for the subject vehicle. Rather than purchasing the subject vehicle for the purchase option price, Plaintiff went to a third party and agreed to pay the third party an amount above the purchase option amount. This act of purchasing the subject vehicle for more than the purchase option price is a superseding cause of Plaintiff's alleged damages and accordingly, Plaintiff is barred from recovery from Defendant.

8. As an eighth affirmative defense, Defendant states that Plaintiff is barred from recovery because there is an intervening and/or independent cause regarding Plaintiff's claimed damages. Rather than purchasing the subject vehicle for the purchase option price, Plaintiff went to a third party and agreed to pay the third party an amount above the purchase option price. This intervening act of purchasing the subject vehicle for more than the purchase option amount is the cause of Plaintiff's alleged damages and accordingly, Plaintiff is barred from recovery from Defendant.

9. As a ninth affirmative defense, Defendant states that Plaintiff is barred from recovery pursuant to the voluntary payment doctrine. Plaintiff went to a third party and agreed to

pay the third party an amount above the purchase option price for the subject vehicle. Plaintiff made this payment in excess of the purchase option price under a claim of right with knowledge of the facts and therefore, such payment is voluntary and cannot be recovered.

10. As a tenth affirmative defense, Plaintiff's claims should be dismissed pursuant to 12 CFR §1013.3(e), which states that if the required disclosure became inaccurate because of an event occurring after consummation, the inaccuracy is not a violation of the Consumer Leasing Act or Regulation M. At the time Plaintiff entered into the Lease Agreement on or about May 30, 2019, Defendant provided a compliant disclosure for a "Purchase Option at End of Lease Term". Plaintiff agreed to the purchase option terms and rights therein. Plaintiff alleges that in May 2022 (after Defendant Concluded its Dealership Business), Plaintiff sought to exercise the purchase option. Rather than purchasing the subject vehicle for the purchase option price, Plaintiff went to a third party and agreed to pay the third party an amount above the purchase option amount. Pursuant to Plaintiff's claim, this event occurring after consummation caused Defendant's initial disclosures to become inaccurate. Therefore, pursuant to 12 CFR §1013.3(e), this alleged inaccuracy is not a violation of the Consumer Leasing Act and Regulation M, and Plaintiff's claim should be dismissed.

Respectfully submitted,

*/s/ A. Edward Quinton, III*
A. Edward Quinton, III, Esquire
Florida Bar No. 464074
QUINTON & PARETTI, P.A.
1 SE 3rd Avenue, Suite 1405
Miami, Florida 33131
PH: (305) 358-2727
FAX: (305) 358-0779
E-MAIL: equinton@quintonparetti.com
         lpena@quintonparetti.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's ECF Filing System upon Joshua E. Feygin, Esquire, Darren R. Newhart, Esquire and Sarah Cibula Feller, Esquire this 17th day of November 2023.

/s/ A. Edward Quinton, III
A. Edward Quinton, III, Esquire