UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80693-MIDDLEBROOKS

RICHARD JOHN MCGUIRE,

    Plaintiff,

v.

J.G. O'NEILL, INC., a Florida
Corporation, doing business as
DELRAY HYUNDAI,

    Defendant.

_____/

## ORDER MODIFYING SCHEDULING ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Continue Deadlines in the Order Setting Jury Trial Schedule and Continue Trial. (DE 35). For the following reasons, the Motion is granted in part.

On April 8, 2023, Plaintiff Richard John McGuire filed this lawsuit against Defendant Delray Hyundai under the Consumer Leasing Act. (DE 1). Judge Matthewman entered the Pretrial Scheduling Order on May 18, 2023. (DE 12). In that Order, Judge Matthewman set the jury trial for the two-week period beginning December 18, 2023, the discovery deadline for October 5, 2023, and the dispositive motions deadline for October 19, 2023. That same day, the Plaintiff moved for Default against the Defendant. I entered an Order to Show Cause, informing Defendant that it must file a notice of attorney appearance on or by May 31, 2023, and must respond to the Complaint on or by June 9, 2023. (DE 14). Defendant entered an appearance, and it filed a Motion to Dismiss on June 9, 2023. (DE 17).

In light of the Motion to Dismiss, Plaintiff filed an Amended Complaint on March 29, 2023 (DE 22), and the Defendant once against moved to dismiss it on June 27, 2023. (DE 25). I denied the Motion to Dismiss on October 4, 2023. (DE 28). Based on the Pretrial Scheduling Order that was issued before the Defendant entered an appearance in this case, discovery was set to close the following day. In light of my Order denying the Motion to Dismiss, Defendant entered an Answer with Affirmative Defenses on October 18, 2023. (DE 30). That left one more day until the dispositive motions deadline. The Defendant filed an Amended Answer on November 17, 2023 (DE 33), and three days later, the Plaintiff filed the current Motion to continue and modify the litigation schedule.

The Scheduling Order may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). It is clear from the procedural posture set forth above that the current schedule is now impracticable, and rescheduling is inevitable. The question is how much more time is needed. In the present Motion, Plaintiff seeks to extend the trial date by a year, but he provides no justification for why such a lengthy extension is necessary other than the need for additional time to conduct investigation, discovery, and depositions to be fully prepared to proceed to trial. Defendant opposes the requested yearlong continuance, arguing that discovery in this case is minimal and that a shorter time frame would suffice to get the case back on track. For instance, Defendant notes that there are no expert witnesses in this case, and therefore the schedule can be somewhat more condensed than Plaintiff suggests. Defendant requests a new pretrial conference, but I do not deem that to be necessary.

I find good cause to modify the scheduling order and trial date, however, I decline to extend the trial date by a year. Instead, I will modify the schedule for this litigation on a more expedient timeline.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Continue Deadlines in the Order Setting Jury Trial Schedule and Continue Trial (DE 35) is **GRANTED IN PART.**
2. The Pretrial Scheduling Order's (DE 12) deadlines are modified as follows:
    a. Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify – **January 3, 2024.**
    b. All discovery should be completed – **January 19, 2024.**
    c. Motions Deadline (dispositive, motions in limine, and *Daubert* motions) – **January 29, 2024.**
    d. Joint Pretrial Stipulation - **February 20, 2024.**
    e. Objection to Designations of deposition testimony – **March 11, 2024.**
    f. Jury Instructions or Proposed Findings of Fact – **March 18, 2024.**
3. The Jury Trial is **RESET** to the two-week trial period beginning on March 25, 2024, at 9:00 a.m. in West Palm Beach, Florida.
4. Calendar Call is **RESET** to March 20, 2024, at 1:15 p.m. in West Palm Beach, Florida. The Parties are advised that this Order modifies the operative dates only, and they should refer to the original Pretrial Scheduling Order (DE 12) for all other instructions.
5. The Parties are reminded that they may consent to the jurisdiction of United States Magistrate Judge William Matthewman, who generally allows the Parties great

flexibility in setting the course and schedule, including the trial date, of their case. The consent form can be found at Appendix A in the Pretrial Scheduling Order. (DE 12).

**SIGNED** in Chambers, West Palm Beach, Florida, on this ___7___ day of December, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: Copies to counsel