**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

Case No: 23-80693-CV-MIDDLEBROOKS

| | |
|---|---|
| RICHARD JOHN MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| J.G. O'NEILL, INC., d/b/a DELRAY HYUNDAI, a Florida Corporation, | ) ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO OVERRULE DEFENDANT'S OBJECTIONS AND COMPEL BETTER RESPONSES TO THE PLAINTIFF'S DISCOVERY <u>REQUESTS</u>**

## I. INTRODUCTION

Plaintiff has sued Defendant, J.G. O'Neill, Inc., d/b/a Delray Hyundai, under the Consumer Leasing Act ("CLA") 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M"). Under the CLA, if a lessor gives a consumer the option to buy the vehicle before the lease ends, then the lessor must disclose the purchase option price in the lease as "either a sum certain or a sum certain to be determined at a future date by reference to a readily available independent source." 12 CFR § 1013.4(i)(2), Official Interpretations. This disclosure must be given to the consumer before the lease is consummated. Reg. M § 1013.3(a)(3).

Plaintiff alleges that Defendant violated the CLA by failing to disclose in the lease that he would be charged a cash price of $18,216.00 to buy the vehicle, along with a $899.00 "Documentation Fee" and a $99.25 "Electronic Filing Fee," which were never disclosed in the lease. According to Defendant, it did not violate the CLA because, three years after the lease was consummated, it sold the dealership to ABC JS Auto Imports, LLC, and any harm caused to Plaintiff in the form of undisclosed, additional fees, were the result of ABC JS Auto Import's decision to charge such fees.

But Plaintiff's CLA claim focuses on the federally mandated disclosures when Plaintiff's lease was consummated in 2019, not when the buyout was completed three years later. To that end, Plaintiff sought discovery on the charges Defendant assessed other consumers to exercise their lease purchase options in 2019, when it was still running as a Florida licensed dealer. The information is relevant because, if Defendant assessed similar

fees to other consumers to exercise their purchase option in 2019, it would suggest that the final purchase option price Defendant disclosed in Plaintiff's lease was inaccurate.

Defendant objected to Plaintiff's discovery requests. As explained below, the Court should overrule the objections because the information sought is relevant.

II. BACKGROUND

Plaintiff sued Defendant for violating the Consumer Leasing Act and its implementing regulations, Regulation M. (Plt.'s Am. Compl. ECF No. 22) ("Amended Complaint"). It is undisputed that Defendant leased a new 2019 Hyundai Santa Fe to Plaintiff under a Close End Motor Vehicle Lease (the "Lease") in May of 2019. ECF No. 22 ¶ 5-6. The Lease was negotiated, drafted, and prepared by the Defendant. *Id.* ¶ 7. The Lease provided, in pertinent part, that Plaintiff had an opportunity to purchase the vehicle at the end of the lease term: "You have an option to purchase the Vehicle at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate, for the Residual Value on line 7D above plus a Purchase Option Fee of $899.00. You are also responsible for any official fees, such as those for taxes, tags, license and registration." *Id.* ¶ 9. The total purchase option price was $17,820.50. *Id.* ¶ 10. At no time did Defendant disclose any other fees or costs that would be added to the purchase price option in the Lease. *Id.* ¶ 11.

In May of 2022, Plaintiff visited Defendant's dealership to exercise the purchase option for the vehicle at the end of the lease term. *Id.* ¶ 11. During the transaction, and upon information and belief, Defendant negotiated, drafted, and prepared a Retail Purchase Agreement for the purchase of the vehicle. *Id.* ¶ 12. Despite the purchase option price disclosure in the Lease negotiated, drafted, and prepared by Defendant in 2019, Plaintiff

3

was charged an $18,216.00 cash price, a $899.00 "Documentation Fee," and $99.25 "Electronic Filing Fee" to exercise the purchase option in the Lease. *Id.* ¶ 12. Defendant never disclosed that the purchase option price to buy the vehicle at the end of the lease term would be $18,216.00, nor did Defendant disclose the requirement of payment of the $899.00 "Documentation Fee" and $99.25 "Electronic Filing Fee" required for Plaintiff to purchase the vehicle. *Id.* ¶ 14. Because the Defendant unequivocally failed to disclose the increased purchase option price and additional fees, Plaintiff was harmed. *Id.* ¶ 15.

On December 11, 2023, in compliance with this Court's Order Modifying Scheduling Order, ECF No. 41, Plaintiff immediately served Defendant with interrogatories, requests for admissions, and requests for production. The responses were due on Wednesday, January 10, 2024. Defendant proffered its responses and objections on January 10, 2024, producing no privilege log. (Defendant's objections and responses are attached as Exhibit "A").

The undersigned and opposing counsel conferred by telephone on January 16, 2024. During the conferral, the undersigned explained that many of Defendant's objections were improper. Opposing counsel agreed to amend some of his objections and responses, but opposing counsel declined to withdraw or amend other objections which Plaintiff believes are proper under the Federal Rules of Civil Procedure. Defendant continues to stagnate discovery by objecting and failing to produce documents which are proper discovery subjects under the Rules.

## II. MEMORANDUM OF LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *Polycarpe v. Seterus, Inc.*, 616CV1606ORL37TBS, 2017 WL 2257571, at *1 (M.D. Fla. May 23, 2017). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Id.* (citations omitted).

Under Rule 37, a party "may move for an order compelling an answer, designation, production, or inspection.... if a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(ii)-(iii). Whether to grant the motion to compel is at the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

When moving to compel, the moving party must show the discovery sought is relevant. *e-Ventures Worldwide, LLC v. Toll Bros., Inc.*, 2:22-CV-552-JLB-KCD, 2023 WL 4419736, at *1 (M.D. Fla. July 10, 2023). "The responding party must then demonstrate how the discovery is improper, unreasonable, or burdensome." *Id*. "When opposing the motion to compel, a party must show specifically how the requested discovery is objectionable." *e-Ventures Worldwide, LLC v. Toll Bros., Inc.*, 2:22-CV-552-JLB-KCD,

2023 WL 4419736, at *1 (M.D. Fla. July 10, 2023) *quoting Nolan v. Integrated Real Est. Processing, LP,* No. 3:08-CV-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009).

> **A.** **Defendant's objections and responses to Plaintiff's Requests for Production.**

Rule 34 requires a party objecting to a request for production to: (1) state with specificity the grounds for objecting to the request, including the reasons; (2) state whether any responsive materials are being withheld on the basis of that objection; and (3) [a]n objection to part of a request must specify the part and permit inspection of the rest. Fed. R. Civ. P. 34(B), (C). Rule 34(a), states that a party must produce documents responsive to a request for production so long as those documents are in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)

**Request No. 3**

| |
|---|
| **Request No. 3:** Every retail purchase agreement prepared by Defendant in connection with a Lessee purchasing their leased vehicle, irrespective of whether the transaction was ultimately consummated. This request shall include draft versions of any such agreement. For purposes of this request, the term "retail purchase agreement" shall mean a contract in substantially similar form as the Retail Purchase Agreement attached hereto as Exhibit "A." |
| **Response:** Objection – irrelevant, overbroad and overburdensome and not proportional to the needs of the case; The request is overbroad in that it requests documents from January 1, 2018 through the present. Without waiving objections, Defendant has no responsive documents. |

Defendant's Response to Request for Production Number 3 must be overruled and this Court must compel Defendant to produce responsive documents.

As a preliminary matter, an objection followed by a response is improper. *See Mann v. Island Resorts Development, Inc.*, 2009 WL 6409113 (N.D. Fla. 2009) (stating that a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices.); *see also Estride v. Target Corp.*, 2012 WL 527051 (S.D. Fla. 2012) (stating that the Eleventh Circuit has found that whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands). This is because "such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008).

Defendant's objection followed by an answer has left Plaintiff unable to ascertain whether any responsive records have been withheld. Therefore, the objection should be overruled.

Moreover, "Objections which state that a discovery request is vague, overly broad, or unduly burdensome are, by themselves, meaningless, and are deemed without merit...." *Polycarpe v. Seterus, Inc.*, 616CV1606ORL37TBS, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017) *quoting Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007). "Courts routinely reject boilerplate objections." *See e.g., Polycarpe v. Seterus, Inc.*, 616CV1606ORL37TBS, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017); *see also Ochoa v. Empresas ICA, S.A.B.*, No. 11–23898–CIV,

2012 WL 3260324, at *2 (S.D. Fla. Aug.8, 2012). Defendant's objection falls into this category and should be overruled.

The information sought is relevant to Plaintiff's CLA claim and Defendant's defense.[1] Relevancy in the realm of discovery is construed broadly; it includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

Here, the retail purchase agreements prepared from May 1, 2019 through May 1, 2020 are relevant to the subject matter of this case. If Defendant was assessing similar fees to other consumers to exercise their purchase options during that time, then that information bears on the issue of whether Defendant should have properly disclosed the fees that were charged incidental to a consumer exercising the purchase option at the end of the lease term. Under the CLA, Defendant had to disclose fees, such as the "DOCUMENTATION FEE," and "ELECTRONIC FILING FEE," at the inception of Plaintiff's lease. Reg. M § 1013.3(a)(3); 12 C.F.R. § 1013.4. Or at the very least given an estimate of the fees that could be charged to exercise the purchase option. Reg. M § 1013.3(d); 12 C.F.R. § 1013.3.

Throughout this litigation, Defendant has taken the position that it sold its dealership prior to Plaintiff's lease-end purchase, and thus, Defendant was not required to disclose fees that would be charged by the third-party purchaser of the dealership. This

---

[1] During the parties' meet and confer, Plaintiff agreed to limit the request to documents from May 1, 2019 to May 1, 2020, which covers the one-year period in which Plaintiff's lease was executed.

argument misinterprets the law and is unavailing. Irrespective of the sale of the dealership, Defendant was required to make complete and accurate disclosures at the inception of the lease of all fees that would be charged incidental to a purchase option. Reg. M § 1013.3(a)(3); 12 C.F.R. § 1013.4. Copies of Defendant's retail purchase agreements prepared for lease-end purchases undertaken contemporaneously with the subject lease transaction would be probative of the fact that Defendant itself charged consumers discreet fees to exercise a purchase option. Thus, Defendant was obligated to disclose such fees at the outset of the lease, yet it failed to do so in direct contravention of the CLA.

As it relates to Defendant's thread-bare claims of undue burden and overbreadth, these arguments fail as well. As the proponent of the objection, Defendant bears the burden of proving it is entitled to its protections. A party objecting on these grounds must explain the specific and particular way in which a request is overly broad, or unduly burdensome. *See, e.g., Sallah v. Worldwide Clearing LLC*, 855 F. Supp.2d 1364, 1376 (S.D. Fla. 2012). Claims of undue burden should be supported by a statement with specific information demonstrating how the request is overly burdensome and sworn testimony or evidence to show that the particular request is in fact burdensome. *Id*. Failure to do so runs afoul of both the Local Rules of the United States District Court for the Southern District of Florida and Fed. R. Civ. P. 34's requirement that objections contain a statement of reasons. Here, there can be no dispute that the Defendant has all but failed to meet its burden.

Lastly, to the extent that Defendant claims that it does not have responsive records as an end run around from asserting that these records are no longer in its care, custody or control following the purchase and sale of its dealership, the same too falls flat. "'Control'

... does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand.'" *Pictet Overseas, Inc. v. Helvetia Tr.*, No. 13-81088-CIV, 2014 U.S. Dist. LEXIS 147602, (S.D. Fla. Sept. 8, 2014) (*quoting Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 2:09-cv-599-FtM-99SPC, 2010 U.S. Dist. LEXIS 127877, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010)).

Florida law requires motor vehicle dealers to keep a record of the purchase, sale or exchange, or receipt for sale for five (5) years. Fla. Stat. 320.27(6) (2023). The documents Plaintiff is requesting falls within the five (5) year record retention period required by law. If ABC JS Auto Imports, LLC, has responsive documents, pursuant to the sale of the dealership, then Defendant, as the seller of the dealership at issue, plainly has the right, authority and practical ability to obtain the materials.

In sum, the Defendant's retail purchase agreements prepared for consumers that purchased their leased vehicles during the time period of May 1, 2019 to May 1, 2020 directly relates to Plaintiff's claim. In an attempt to limit the scope of the discovery, Plaintiff agreed to constrain the discovery sought to the one-year period during which Plaintiff executed his lease. Plaintiff seeks, and is entitled to, the limited production of retail purchase agreements prepared by Defendant in connection with lease-end purchases, all of which are readily obtainable. Plaintiff's discovery request is narrowly tailored to the facts and defenses of this case which falls squarely within the broad scope of discovery

enunciated by the Federal Rules of Civil Procedure. Thus, this Court must overrule Defendant's objections to Request for Production number 3.

### B. Defendant's objections and responses to Plaintiff's Interrogatories.

**Interrogatory No. 7**

> **Interrogatory No. 7:** Identify the amount Defendant charged for a "Documentation Fee" when a Lessee purchased their leased vehicle in May of 2019. If the amount varied, identify each amount and the reason(s) for the variation(s).
>
> **Response:** Defendant did not charge a "Documentation Fee" as defined by Plaintiff. Further, Defendant objects to this Interrogatory on the basis that it is irrelevant. Plaintiff has asserted no claims that a fee charged by Defendant when a leased vehicle is purchased by the lessee was illegal, but rather, Plaintiff asserts that fees charged by the third party who sold Plaintiff the Vehicle charged illegal fees. Thus, what Defendant may have charged 5 years ago is irrelevant.

**Interrogatory No. 8**

> **Interrogatory No. 8:** Identify the amount Defendant charged for a "Electronic Filing Fee" when a Lessee purchased their leased vehicle in May of 2019. If the amount varied, identify each amount and the reason(s) for the variation(s).
>
> **Response:** Defendant did not charge an "Electronic Filing Fee" as defined by Plaintiff. Further, Defendant objects to this Interrogatory on the basis that it is irrelevant. Plaintiff has asserted no claims that a fee charged by Defendant when a leased vehicle is purchased by the lessee was illegal, but rather, Plaintiff asserts that fees charged by the third party who sold Plaintiff the Vehicle charged illegal fees. Thus, what Defendant may have charged 5 years ago is irrelevant.

**Interrogatory No. 9**

> **Interrogatory No. 9:** In May of 2019, identify the amount of transactions Defendant engaged in where a Lessee purchased a leased vehicle.

> **Response:** Objection, irrelevant, not proportional to the case, and overbroad. Interrogatory 9 is not relevant to any party's claim or any defense. The amount of transactions does not bear on or reasonably could lead to other matters that bear on Plaintiff's claim, i.e., the improper disclosure for a purchase option in Plaintiff's Lease Agreement which arose from the purchase transaction handled by a third party. Also, the number of transactions five years ago is not relevant to defenses pending in this case. This interrogatory is not proportional to the needs of the case when considering the amount in controversy, i.e., actual damage claim less than $1,400.00, and considering the importance of this discovery in resolving the issue, specifically, there is no importance. Further, this Interrogatory is overbroad in that it includes transactions that would have different factual elements in it and no issues similar to the issues alleged in this case. The burden and expense of the proposed discovery, specifically on Defendant's limited resources now that Defendant does not own any dealerships, to find lease information from five years ago outweighs any likely benefit.

Similar to the above argument, Plaintiff seeks to uncover evidence regarding Defendant's practice and procedure surrounding the charging of fees incidental to a purchase option when Plaintiff's lease was consummated in 2019. Plaintiff's Interrogatories 7, 8, and 9, are time-limited to May of 2019, the month in which Plaintiff executed his lease, and the information sought meets the scope of discovery outlined by the Federal Rules of Civil Procedure in that they are relevant, proportional, and discoverable.

Plaintiff requests limited discovery regarding charges the dealership itself charged lease-end purchasers to prove up Plaintiff's claim that Defendant assessed similar charges when a lease-end purchaser, like Plaintiff, purchased their vehicle, that the additional charges were known, and that the additional charges should have been disclosed to Plaintiff at the inception of his lease agreement executed with Defendant.

Defendant misconstrues Plaintiff's theory of the case and does not address that the crux of Plaintiff's claims under the CLA inherently must be addressed by the discovery Plaintiff is seeking. The broad scope of discovery under the Federal rules permits Plaintiff to discover the amounts Defendant charged other lease-end purchasers solely in the month of May of 2019 to show Defendant's knowledge of the same. This information bears on whether the purchase option disclosure Defendant gave was inaccurate, which violates the CLA. Further, the broad scope of discovery under the Federal Rules permits Plaintiff to discover the number of lease-end purchase transactions Defendant engaged in during the month of May of 2019 to further buttress the Plaintiff's position that despite charging incidental fees, Defendant failed to ever provide appropriate disclosure of same.

This discovery is proportional to the needs of this case – especially considering that Defendant is required to retain records pursuant to Florida law – and it does not improperly request information from an unlimited time period. This discovery is important and necessary to Plaintiff's claims within its Amended Complaint and may assist the parties in evaluating their respective positions as it relates to Defendant's failure to comply with the CLA's disclosure requirements.

Ultimately, Plaintiff's discovery requests fall squarely within the broad scope of discovery defined by the Federal Rules of Civil Procedure. Thus, this Court must overrule Defendant's objections to Interrogatory numbers 7, 8, and 9.

### III. CONCLUSION

Plaintiff requests the Court's intervention because Defendant has withheld crucial information from discovery, information necessary for Plaintiff to prosecute this case.

**WHEREFORE**, Plaintiff, Richard John McGuire, respectfully request the Court overrule Defendant's improper objections and enter an order under Rule 37 compelling Defendant to produce responsive documents and answers to interrogatories cited herein on or before this Court's discovery deadline of January 19, 2024, or in the alternative continuing the deadline to allow compliance.

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(3)**

Pursuant to Local Rule 7.1(3) the undersigned conferred with opposing counsel in a good faith effort to resolve the issues raised by this Motion but the parties were unable to agree to the relief sought as it relates to the aforementioned deficiencies.

Respectfully submitted this 18th day of January, 2024, by:

/s/ Sarah Cibula Feller
Darren R. Newhart, Esq.
FL Bar No: 0115546
Sarah Cibula Feller, Esq.
FL Bar No: 1027809
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

## CERTIFICATE OF SERVICE

I certify that on this day of 18th day of January, 2024, a copy of the foregoing was filed via the Court's Electronic Filing system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sarah Cibula Feller, Esq.