# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case No: 23-80693-CV-MIDDLEBROOKS

| | |
|---|---|
| RICHARD JOHN MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| J.G. O'NEILL, INC., d/b/a DELRAY HYUNDAI, a Florida Corporation, | ) ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO OVERRULE DEFENDANT'S OBJECTIONS AND COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

I.  **INTRODUCTION**

Throughout the Response, Defendant attempts to recast Plaintiff's cause of action and continues to mischaracterize the facts surrounding the underlying transaction. For the sake of avoidance of doubt, Plaintiff has pled that the purchase option at the time of the execution of the lease was inaccurate and such inaccuracy caused him harm. Amended Compl. ¶¶. 15; 27-33. The discovery sought by Plaintiff is directly probative of the fact that the disclosures were inaccurate at the time of the execution of the subject lease agreement and is both proportional and relevant to the needs of the case.

Defendant's arguments should be rejected by this court.

II. **MEMORANDUM OF LAW**

The discovery rules were intended to promote the search for truth that is the heart of our judicial system." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1546 (11th Cir. 1993). The discovery rules may be broadly interpreted to effectuate their purpose that "civil trials in federal courts no longer need to be carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 115, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964), *quoting, Hickman v. Taylor*, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947).

Counsel and parties alike should at all times conduct themselves in a responsible and professional manner and participate in discovery "with a spirit of cooperation[.]" *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006). "[I]t is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility." S.D. Fla. L. R. Introductory Statement.

  **A.**  **Defendant's objections and responses to Plaintiff's Requests for Production No. 3.**

> **Request No. 3:** Every retail purchase agreement prepared by Defendant in connection with a Lessee purchasing their leased vehicle, irrespective of whether the transaction was ultimately consummated. This request shall include draft versions of any such agreement. For purposes of this request, the term "retail purchase agreement" shall mean a contract in substantially similar form as the Retail Purchase Agreement attached hereto as Exhibit "A."

  In its Response, Defendant argues that it has no responsive records because the demonstrative contract attached to Plaintiff's discovery requests was prepared by a non-party and that it did not use a form that is substantially similar to it. The response is not accurate.

  Attached to Plaintiff's First Integrated Discovery Requests was the "retail purchase agreement" executed by Plaintiff during the purchase transaction for the subject vehicle. Plaintiff has attached the same as Exhibit "A" hereto for ease of reference. Plaintiff's inclusion of the contract was to provide color to Plaintiff's requests and avoid this very predicament.

  In the automotive sales industry, a "retail purchase agreement" is more commonly known as a "retail buyer's order" or a "bill of sale." The contract sets forth a description of the vehicle and discloses all charges billed to the consumer in furtherance of the transaction, in a line-by-line format. In response to Plaintiff's discovery requests, Plaintiff proffered a "retail buyer's order" form prepared for Plaintiff's lease of the subject vehicle. Plaintiff has attached the retail purchase agreement as Exhibit "B" hereto for ease of reference.

  As is evident, both forms are substantially similar to one another in that both

provide the same information, albeit with minor stylistic differences. Both identify the vehicle, both identify the price of the vehicle, both identify taxes assessed on the transaction, both identify the name of the dealership, both identify the purchaser, both identify the dealership personnel involved in the transaction, and both identify electronic filing fees and dealer service fees (albeit with slightly varying nomenclature) that were charged. Defendant makes no effort to show that the two contracts are dissimilar in any fashion in its Response.

Applying basic logic alone, Defendant had a duty to reasonably interpret the requests for production of retail buyer's orders executed by consumers who purchased their leased vehicles between May 2019 and May 2020.[1] Aside from the logical inferences that could have been made, Plaintiff also informed Defendant of the precise information sought by this request during the parties' meet and confer to narrow the discovery issues.

Yet despite being guided by fundamental concepts of cooperation and professionalism, Defendant instead asserted and continues to maintain objections founded in semantical gamesmanship. In its Response, Defendant does not argue that it does not have responsive records because they do not exist at all. In fact, Defendant testified to the contrary that the retail purchase agreement was a standard form used by the dealership for all vehicle leases in 2019. Calderone Deposition, 35:6-8. Nor does Defendant argue that it cannot access responsive records which are in the care, custody and control of third parties. Rather, Defendant retracts its objection and maintains that no responsive records exist due

---

[1] During the parties' meet and confer, Plaintiff agreed to limit the request to documents from May 1, 2019 to May 1, 2020, which covers the one-year period in which Plaintiff's lease was executed.

to its intentional misinterpretation of Plaintiff's request. This is far from the cooperation envisioned by the Rules.

Given the above, this Court ought to reject Defendant's argument and order it to provide responsive records, which do indeed exist, on an expedited basis "in order to provide [Plaintiff] with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.,* 177 F.R.D. 682, 685 (M.D. Ala. 1998).

### B. Defendant's objections and responses to Plaintiff's Interrogatories.

**Interrogatory No. 7**

> **Interrogatory No. 7:** Identify the amount Defendant charged for a "Documentation Fee" when a Lessee purchased their leased vehicle in May 2019. If the amount varied, identify each amount and the reason(s) for the variation(s).

**Interrogatory No. 8**

> **Interrogatory No. 8:** Identify the amount Defendant charged for a "Electronic Filing Fee" when a Lessee purchased their leased vehicle in May of 2019. If the amount varied, identify each amount and the reason(s) for the variation(s).

In its Reply, Defendant maintains that it did not charge a "Documentation Fee" nor a "Electronic Filing Fee" as defined by Plaintiff in the discovery requests. In turn, Defendant retracted its objection as a result of not having responsive records. In doing so, Defendant has effectively failed to respond to Interrogatories 7 and 8, whatsoever.[2] As above, Defendant has likewise applied mental gymnastics to side-step its obligations to

---

[2] Defendant has not served an amended response as of the filing of this Reply, either.

5

cooperatively engage in discovery. And as above, Defendant's position is both disingenuous and contrary to the principles guiding litigants engaged in discovery.

By and through Interrogatories 7-8, Plaintiff seeks to uncover the total amount of fees Defendant charged to consumers in May 2019 incidental to lease purchase transactions. As fleshed out in Plaintiff's Motion to Compel [DE 44] this information bears on the fact that Defendant violated the CLA through its failure to disclose said fees. And the total amount charged would also underscore the very need for the disclosures mandated by the CLA. By information and belief, the amount of fees charged is not insignificant.

That Plaintiff defined the "Documentation Fee" and the "Electronic Filing Fee" in different nomenclature than what was utilized by Defendant is of no consequences in light of the claims being advanced. Had Defendant chosen to cooperatively engage in discovery, Defendant could have inferred that Plaintiff sought information relative to the "Dealer Service Fee" along with the "Electronic Registration Filing Fee" and "Private Tag Agency" fee charged by the Defendant- the very same fees it testified that it charged to all consumers in May 2019. Calderone Deposition, 38:16-40:12. Although not binding, the Middle District of Florida Discovery Handbook provides sound guidance under the circumstances:

> <u>Reading and Interpreting Requests for Documents</u>. An attorney receiving a request for documents ... shall reasonably and naturally interpret it, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought and that the attorney receiving the request or subpoena generally has or can obtain pertinent knowledge from the client.

Handbook § III.A.3, 6.

Defendant's objections and continued refusal to respond to Plaintiff's 7th and 8th Interrogatory requests runs contrary to its obligations to approach the discovery in good-

faith and with full cooperation. Having retracted its objection, Defendant should be required to identify the amount of lease purchase transactions in May 2019 that it charged a "Dealer Service Fee" in response to Interrogatory 7. As and for its response to Interrogatory 8, it should be required to identify the amount of lease purchase transactions that it charged a "Electronic Registration Filing Fee" and "Private Tag Agency" fee. And consistent with Interrogatories 7 and 8, if the amounts varied, Defendant should be required to "identify each amount and the reason(s) for the variation(s)." In light of the posture of this action, the same ought to be provided in an expedited fashion.

**<u>Interrogatory No. 9</u>**

> **Interrogatory No. 9:** In May 2019, identify the amount of transactions Defendant engaged in where a Lessee purchased a leased vehicle.

Having fully addressed the relevancy and proportionality of this Request in the Motion to Compel [DE 44], out of respect for the Court's time, Plaintiff shall say no more in this regard. However, as it relates to Defendant's continued thread-bare assertions of burden, Plaintiff reiterates Defendant's failure to support its claims of burden dooms its position. As set forth in the Motion to Compel, as the proponent of the objection, Defendant bears the burden to show it applies and to support it with sworn testimony and evidence. And despite Plaintiff's Motion to Compel, Defendant all but failed to try to cure this flaw in its Response.

For the reasons more particularly set-forth in the Motion to Compel, this Court must overrule Defendant's objections to Interrogatory number 9 and require an expedited response.

### III. DEMAND FOR ATTORNEY'S FEES

Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, Defendant should pay Plaintiff's attorneys' fees in connection with the motion to compel because Defendant's retraction of certain objections came only after Plaintiff moved to compel.

As reflected by Defendant's Response, it has retracted objections to all the contested discovery requests. This only came after Plaintiff attempted to meet and confer regarding the baseless objections and the filing of his Motion to Compel. Despite knowing it had no good-faith basis to maintain the objections, Defendant still persisted with its dilatory conduct forcing Plaintiff to expend unnecessary effort. Defendant has not shown that the objections were raised in good-faith. Moreover, as shown above, production of relevant documents has been withheld by and large through semantical gamesmanship. Accordingly, an award of attorneys' fees for bringing the Motion to Compel is particularly warranted under the circumstances.

### IV. CONCLUSION

Plaintiff requests the Court's intervention as set forth herein because Defendant has withheld crucial information from discovery, information necessary for Plaintiff to prosecute this case.

**WHEREFORE**, Plaintiff, Richard John McGuire, respectfully request the Court enter an order under Rule 37 compelling Defendant to produce responsive documents and answers to interrogatories cited herein along with an award of reasonable attorneys' fees and costs for bringing the Motion to Compel.

Respectfully submitted this 18th day of January, 2024, by:

8

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

### CERTIFICATE OF SERVICE

 I certify that on this day of 29th day of January, 2024, a copy of the foregoing was filed via the Court's Electronic Filing system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joshua Feygin
Joshua Feygin, Esq.