UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80693-MIDDLEBROOKS

RICHARD JOHN MCGUIRE,

    Plaintiff,

v.

J.G. O'NEILL, INC., a Florida
Corporation, doing business as
DELRAY HYUNDAI,

    Defendant.

_____/

## ORDER ON MOTION TO OVERRULE DEFENDANT'S OBJECTIONS AND COMPEL BETTER RESPONSES TO THE PLAINTIFF'S DISCOVERY REQUESTS

THIS CAUSE comes before the Court upon a discovery dispute between Plaintiff and Defendant. On January 18, 2024, Plaintiff filed a Motion to Overrule Defendant's Objections and Compel Better Responses to the Plaintiff's Discovery Requests. (DE 44). On January 25, 2024, Defendant responded (DE 50), and on January 29, 2024, the Plaintiff replied. (DE 51). For the foregoing reasons, I am going to grant the Motion.

Plaintiff has sued Defendant for violating the federal Consumer Leasing Act ("CLA"). Plaintiff alleges that Defendant violated the CLA when it failed to initially disclose the accurate total price for purchase of the vehicle once the leasing period expired. Defendant argues that any "undisclosed" fees that occurred at the time the Plaintiff purchased the vehicle were the result of decisions by a third party, ABC JS Auto Imports II, LLC, to whom Defendant sold the dealership.

Plaintiff served Defendant with interrogatories, requests for admissions, and requests for production. The deadline for Defendant to respond to such requests passed on Wednesday, January

10, 2024. On that date, Defendant proffered its responses and provided no privilege log. Defendant failed to produce responsive documents or answers to several requests.

The Federal Rules of Civil Procedure allow for broad discovery, permitting a court to discover any "non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Pro. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance, in the context of discovery, is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."). Under Rule 37, a party "may move for an order compelling an answer, designation, production, or inspection . . . if a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents." Red. R. Civ. P. 37(a)(3)(B)(ii)–(iii). A district court has discretion to grant a motion to compel. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

I will address each discovery request that Plaintiff now seeks the Court to compel Defendant to provide better responses to, or for the Court to overrule Defendant's stated objections.

**Request No. 3:** "Every retail purchase agreement prepared by Defendant in connection with a Lessee purchasing their leased vehicle, irrespective of whether the transaction was ultimately consummated. The request shall include draft versions of any such agreement. For purposes of this request, the term 'retail purchase agreement' shall mean a contract in substantially similar form as the Retail Purchase Agreement attached hereto as Exhibit 'A.'"

Although Defendant objected to such a request for production on the grounds that it is irrelevant, overbroad, overburdensome, and not proportional to the needs of the case, Defendant withdrew its objections in Response and claims it does not have any responsive documents to this request. Such a request hinges on Defendant identifying exhibits that are "substantially similar" to

2

the attached Exhibit A, and Defendant claims it does not use a substantially similar form to the identified exhibit. In reply, Plaintiff argues that Defendant has a "duty to reasonably interpret the requests for production of retail buyer's orders executed by consumers who purchased their leased vehicles between May 2019 and May 2020."[1]

District courts in the Southern District of Florida often require a party responding to discovery requests to use common sense. *See e.g.*, *Ward v. Nierlich,* No. 99-14227-CIV, 2005 WL 8157752, at *2 (S.D. Fla. Apr. 25, 2005) ("The law is clear that "a party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.") Similarly, the Middle District of Florida generally places an affirmative duty on the producing party to "reasonably and naturally interpret" a request for documents. *Middle District Discovery* § III.A.3, 6 (2001).

I find such common sense applicable here when I compel Defendants to produce responsive documents to this request. While perhaps Defendant does not find its own purchase contracts to be "substantially similar" to the retail purchase agreement that Plaintiff entered, Defendant certainly executed contracts when a lessee decided to purchase his or her vehicle. Accordingly, Defendant shall produce those records from the year identified

**Interrogatory No. 7:** "Identify the amount Defendant charged for a 'Documentation Fee' when a Lessee purchased their leased vehicle in May of 2019. If the amount varied, identify each amount and the reason(s) for the variation(s)."

---

[1] Plaintiff agreed to narrow its request—which I agree with Defendant in its original form would have been overburdensome—to the one-year period in which Plaintiff's lease was executed.

**Interrogatory No. 8:** "Identify the amount Defendant charged for [an] 'electronic Filing Fee' when a Lessee purchased their leased vehicle in May of 2019. If the amount varied, identify each amount and the reason(s) for the variation(s)."

Defendant claims it did not charge such fees as defined by Plaintiff. Defendant argues that ABC JS, the corporation that executed the purchase agreement, used such specific terminology when defining the additional fees that it charged Plaintiff. Therefore, Defendant alleges, it has no responsive documents to the request as phrased. Plaintiff argues that Defendant is performing "mental gymnastics" to side-step its obligation to engage in cooperative discovery.

I agree with Plaintiff. Defendant appears to be using a hyper-technical reading of Plaintiff's definitions to avoid disclosing responsive documents. Defendant's corporate representative testified in her deposition that it charged customers "dealer service fees," "electronic registration filing fees," and "private tag agency fees." *Calderone Deposition*, 38:16–40:12. The natural and reasonable interpretation of Plaintiff's request would require Defendant to produce responsive documents as to the amounts charged in additional fees by the Defendant when a lessee purchased their vehicle in May of 2019, whether that be in the form of an "electronic filing fee" or a "documentation fee" or an "electronic registration filing fee."

Accordingly, I am going to compel Defendant to produce responsive documents that identify the amounts charged on all additional fees when a lessee purchased a leased vehicle in May 2019.

**Interrogatory No. 9**: "In May 2019, identify the amount of transactions Defendant engaged in where a Lessee purchased a leased vehicle."

Defendant objects that such a request is not relevant and is overly burdensome considering the fact that the Defendant only has two employees. I find that the time limitation—which keeps

such a request limited to the transactions that occurred in May of 2019—makes it proportional to the case. Such a request is relevant because it bears on the issue of whether it was in fact Defendant's policy to charge additional fees at the time the purchase option was executed, and if those additional fees should have been disclosed to Plaintiff pursuant to the CLA.

Accordingly, for the following reasons it is **ORDERED AND ADJUDGED** that:

1) To the extent that Defendant maintains any objections to Request No. 3, Interrogatories No. 7, No. 8, and No. 9, such objections are **OVERRULED.**

2) Plaintiff's Motion to Compel Better Responses (DE 44) is **GRANTED**.

3) Defendant must respond to the Interrogatories and Request for Production **by February 20, 2024.**

**SIGNED** in Chambers, West Palm Beach, Florida, on this 8th day of February, 2024.

Donald M. Middlebrooks
United States District Judge

CC: Copies to counsel