UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No: 9:23-CV-80693

| | |
|---|---|
| RICHARD JOHN MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| J.G. O'NEILL, INC., d/b/a DELRAY HYUNDAI, a Florida Corporation, | ) ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF AND HIS COUNSELS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff and each of his counsel understand the Court's aversion to tit-for-tat exchanges and agree that sur-replies should generally be avoided.[1] But Defendant's six-page sanctions motion, lacking in both legal basis and factual support, unfairly shifted the onus onto them. It failed to cite the legal standard for Rule 11 sanctions, neglected to reference pertinent case law, and lacked substantive evidence to back its claims. Consequently, Mr. McGuire and each of his counsel had to shadowbox a moving target, addressing undefined and elusive arguments and accusations bereft of supporting proof.

This maneuver allowed Defendant to sit back, await responses, and then introduce new "evidence" and "arguments" in response, knowing full well Mr. McGuire and his counsel were hamstrung in their ability to counter. For instance, Defendant suddenly brings forth deposition testimony, previously unmentioned in the sanctions motion, to level allegations against Mr.

---

[1] They also understand that the Court will likely deny this motion, however, they do not want to be faulted for having not asked to address the new arguments and evidence.

McGuire's counsel's pre-filing investigation. Doc. 112 at 2. This sudden evidence, as well as argument, was absent from the original motion. Similarly, Defendant cites Eleventh Circuit and Ninth Circuit case law—for the first time ever—discussing the "two step inquiry" required to be met for Rule 11 sanctions. Doc. 112 at 23. This legal authority and its application were entirely omitted from the original sanctions motion.

Had Defendant included the "evidence" and made the arguments initially, Mr. McGuire and his counsel could have addressed them thoroughly in their responses, elaborating on their lack of merit. But Defendant's tactics have left Plaintiff and their counsel without recourse. This obliterates the purpose of Rule 11, its 21-day safe harbor period, and tramples on their right to substantive due process.

**WHEREFORE,** they request leave to file a (7) page combined sur-reply to address the new "evidence" and "arguments" Defendant lodged in its response.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(3)

Pursuant to Local Rule 7.1(3) the undersigned conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion, but the parties could not agree to the relief sought as it relates to the above issue.

Dated: May 20, 2024

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357

**CERTIFICATE OF SERVICE**

I certify that on May 20, 2024, a copy of the foregoing was filed via the Court's Electronic Filing system. Notice of this filing will be sent to the parties of record through the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685