UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80693-CIV-MIDDLEBROOKS

RICHARD JOHN MCGUIRE,

    Plaintiff,

v.

J.G. O'NEILL, INC., d/b/a DELRAY
HYUNDAI, a Florida Corporation,

    Defendant.

_____/

## ORDER TAXING COSTS

THIS CAUSE comes before the Court upon Defendant J.G. O'Neill, Inc.'s Verified Motion to Tax Costs. (DE 92). The Motion is fully briefed. (DE 97; DE 108). For reasons stated below, Defendant's motion is granted in part.

Defendant moves for entry of an Order awarding its costs as a prevailing party in the amount of $2,182.11. (DE 92). The Plaintiff objects to a $192.50 "Professional Attendance Fee" specifically, and seeks reduction or elimination of remaining costs, alleging misconduct by the Defendant, and good faith and limited resources on Plaintiff's part. (DE 97).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citations omitted). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001) (citations omitted). The costs that are

recoverable from a losing party are delineated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See id.* at 440-44.

While I denied the Defendant sanctions because I thought Plaintiff brought a plausible but not well-founded claim (DE 123), I find no basis for reducing or eliminating costs, other than the individually specified "Professional Attendance Fee." I will therefore reduce Defendant's costs by $192.50, for a total award of $1,989.61.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant J.G. O'Neill, Inc.'s Verified Motion to Tax Costs (DE 92) is **GRANTED IN PART**.

2. Defendant is **AWARDED** costs of **$1,989.61** in accordance with this Order.

**SIGNED** at Chambers in West Palm Beach, Florida this 9th day of January, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE